IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| J. RUBIN BUTLER,<br><br>    Plaintiff,<br>  v.<br><br>ATS, INC., ATS SPECIALIZED, INC., COMPETITIVE EQUIPMENT SALES, and JOHN DOES 1-20,., *et al.*<br><br>    Defendants. | No. 20-cv-01631 |

## PLAINTIFF'S UNOPPOSED MOTION TO CONFIRM ARBITRATION AWARD AND APPROVE SETTLEMENT

Plaintiff J. Rubin Butler ("Plaintiff") hereby requests the Court confirm the Arbitration Award approving the settlement entered in this matter pursuant to Minn. Stat. §572B.22 of the Minnesota Arbitration Act and approve the parties' settlement agreement. A copy of the Arbitration Award is attached as Exhibit A. In support of this Motion, Plaintiff hereby avers as follows:

1. On April 14, 2021, this Court ordered that Plaintiff was required to arbitrate the claims pending before this Court and stayed this matter pursuant to the Minn. Stat. § 572B.07(f). (ECF 45 at 66; ECF 47).

2. On April 19, 2021, Plaintiff filed his demand for arbitration.

3. On November 11, 2021, the Parties attended mediation with D. Andrew Byrne, Esq.

4. Mr. Byrne is a respected wage and hour arbitrator and mediator who has served both as an arbitrator and as a mediator numerous wage disputes involving allegations of FLSA violations.

1

5. Pursuant to the terms of the Settlement, the Parties agreed to appoint Mr. Byrne as arbitrator for purposes of approving the settlement and entering an arbitral award.

6. On March 4, 2022, Mr. Byrne entered the Arbitral Award, which approved the settlement and incorporated all of its term into to the Award.

7. Minn. Stat. §572B.22 provides that "After a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected pursuant to section 572B.20 or 572B.24 or is vacated pursuant to section 572B.23."

8. The Arbitral Award has not been modified, corrected, or vacated.

9. Thus, Plaintiff respectfully requests the Court enter an Order confirming the arbitration award and approving the parties' settlement, which shall constitute the final judgment in this matter.

10. Though the Minn. Arb. Act requires the Court to confirm that Arbitral Award approving the Settlement, even without such requirement the Court should still approve the Settlement. As the Award provides, the Settlement resolves a *bona fide* dispute under the FLSA regarding whether Plaintiff was correctly classified as a non-employee. Similarly, the amount Plaintiff will receive from the Settlement after fees and costs, $43,475.25 (Settlement Agreement, p. 3) is reasonable and fair based on the contingent risks of the litigation and the amount at issue which could be recovered if Plaintiff prevailed. As the Arbitral Award provides, Plaintiff worked for Defendant for only a little more than a year, and seeks only minimum wage damages (not overtime) for only some of the weeks he alleges he was employed. Based on such risks and rewards, the Arbitral Award's holdings that the Settlement is a fair and reasonable compromise of a bona fide FLSA dispute is correct.

11.   Defendants have denied and continue to deny Butler's allegations. Defendants state that Butler was an independent contractor and was never employed by Defendants. Defendants further state that, even if Butler was Defendants' employee, Butler has been paid all amounts owed under the FLSA. Additionally, Defendants state that each of Butler's non-FLSA claims are also subject to dispositive defenses. Defendants consent to the relief requested in this motion.

Respectfully submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
SWARTZ SWIDLER, LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08033
jswidler@swartz-legal.com

March 15, 2022